In the Matter of the Application of HARRY G. FROMBERG.

Supreme Court, New York County, January 16, 1931.

*Harry G. Fromberg*, for the committee.

*William J. McArthur*, for the surety company.

CALLAHAN, J. These are two applications by the committee of two estates of incompetents for orders permitting the filing of a single bond in the sum total of several bonds heretofore filed in each case and requiring the surety company to refund the premiums collected by it in excess of the rate it would have charged for a single bond from the date of the filing of the first additional bonds. The necessity for additional bonds grew out of the increase in the estate in the hands of the committee in each instance. When such increase was called to the attention of this court by the Attorney-

General or the veterans' bureau, this court, pursuant to the request made, ordered additional bonds. All such requests hereafter should provide for the giving of one bond in the increased amount and for an order providing that on the filing of such bond the bonds theretofore filed shall be canceled and the surety released from any liability thereon accruing subsequent to the filing of the new bond. The surety company's objection to such procedure is that a judicial accounting by the committee is required before the bonds given can be canceled and the surety released. This objection is untenable for the reason that, as the release only affects subsequent liability, no accounting is required. Nor is the surety's objection that if such procedure be followed that further premium reserves will be required to be carried by it. The liability incurred to the date of cancellation has been met by the premium theretofore charged, and the premium on the new increased bond will meet future liability. Although an application for an increased bond was not made in the present instances, and the court, therefore, ordered additional bonds rather than increased bonds, there seems to be no adequate reason why a direction cannot now be made requiring the substitution of one bond for the aggregate sum of those now outstanding. It is so ordered.

The sole remaining question is whether or not this court may require the surety company to refund the premiums heretofore collected in excess of the annual premiums on a single bond. The premium charged on separate bonds is greatly in excess of that charged on one bond for the same aggregate amount. The amount paid for premiums eventually comes from the estate of the unfortunate wards of the court involved (in the instant cases two incompetent war veterans). While the committee may have entered into what amounts to a binding contract between himself and the surety company for the payment of a particular sum and paid the amounts of the premiums out of the estate of his wards pursuant to such agreement, it appears to me nevertheless that this court has the power to direct a return of the increased premiums in the instant cases, especially where, as here, the transactions are had with a surety company entirely familiar with the fact that, if it were called to the attention of the court that a single bond would mean a disbursement of a smaller sum, a bond in such form would be ordered. There is an additional and more forceful reason why the refund seems properly ordered. An examination of the public records on file in the office of the Superintendent of Insurance discloses the present surety company authorized the Superintendent of Insurance to accept the rating of the Towner Rating Bureau as fixing its charges in this form of undertaking. (See Ins. Law,

§§ 141 and 141-b, as amd. by Laws of 1923, chap. 436.) Pursuant thereto, a rate manual of the Towner Rating Bureau setting forth premiums to be charged on fidelity and surety bonds and undertakings was duly filed. The schedule controlling this case is dated May 17, 1929, Bulletin 4395, page 38-a. An examination of this schedule discloses no provision therein for charging a larger premium on separate bonds than on one bond of the same aggregate amount. As the surety company herein was authorized to charge such sums as were provided in such rate manual, it appears that the charging of the increased sum in the instant cases had no express authority in law.

For the reasons indicated, the motion is in all respects granted. Settle order on notice.